# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHAYPHET VORAVONG, | : | Civil No. 3:18-cv-0836 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| Warden, YORK COUNTY PRISON, | : | FILED SCRANTON |
| Respondent | : | MAY 30 2018 |

PER _____ DEPUTY CLERK

## MEMORANDUM

## I. Background

On January 10, 2018, Petitioner, Chayphet Voravong, a native and citizen of Laos, originally filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in the United States District Court for the Eastern District of Pennsylvania. (Doc. 1, petition). By Order dated March 19, 2018, the action was transferred to the Middle District, (Doc. 6, Order), where it was received, and filed, on April 18, 2018. (Doc. 7). Petitioner challenges his continued detention by the United States Immigration and Customs Enforcement ("ICE"), and seeks immediate release from custody. (Doc. 1, petition). At the time his petition was filed, Petitioner was detained at the York County Correctional Facility, York, Pennsylvania. *Id.*

On May 22, 2018, Respondent filed a suggestion of mootness stating that Petitioner was released on February 28, 2018, pursuant to an order of supervision. (Doc. 13). Respondent argues that the habeas petition is therefore moot. *Id.* For the reasons set forth

below, the Court will dismiss the habeas petition as moot.

## II. Discussion

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *Diaz-Cabrera v. Sabol*, 2011 U.S. Dist. LEXIS 124195, *3 (M.D. Pa. 2011) (quoting *Lane v. Williams*, 455 U.S. 624, 631 (1982)). Thus, when a petitioner, who challenges only his ICE detention pending removal and not the validity of the removal order itself, is deported, the petition becomes moot because the petitioner has achieved the relief sought. *See Tahic v. Holder*, 2011 U.S. Dist. LEXIS 49782, *3-4 (M.D. Pa. 2011); *Nguijol v. Mukasey*, 2008 U.S. Dist. LEXIS 95464, *1-2 (M.D. Pa. 2008) (dismissing the habeas petition as moot).

In the present case, the habeas petition challenges Petitioner's continued detention pending removal. *See* (Doc. 1). Because Petitioner has since been released from ICE custody pursuant to an order of supervision, the petition no longer presents an existing case or controversy. *See Diaz-Cabrera*, 2011 U.S. Dist. LEXIS 124195 at *2-4. Further, Petitioner has received the habeas relief he sought, namely, to be released from ICE custody. *See Sanchez v. AG*, 146 F. App'x 547, 549 (3d Cir. 2005) (holding that the

2

habeas petition challenging the petitioner's continued detention by ICE was rendered moot once the petitioner was released). Accordingly, the instant habeas corpus petition will be dismissed as moot. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.")).

A separate Order shall issue.

Date: May 30, 2018

Robert D. Mariani
United States District Judge